<em>Judgment affirmed.</em>

---

WILLIAM WEER, Junior, Appellant, v. MARY HAHN, Appellee.

## APPEAL FROM MACOUPIN.

The constitutional provisions requiring the publication of notice to the owners of real estate, where lands have been sold for taxes, demand that the notice shall be published in the nearest newspaper to the county; and this question as to which is the nearest newspaper, must be determined by comparing the distance between the places of publication and the county line.

THIS cause was heard before WOODSON, Judge, at September term, 1853, of the Macoupin Circuit Court.

W. WEER, Junior, *pro se.*

D. A. SMITH, for appellee.

TREAT, C. J.   This was an action of ejectment, brought by
Hahn against Weer, to recover the possession of a tract of land
situated in Macoupin county.   On the trial, the plaintiff intro-
duced the following evidence.   A patent for the land in ques-
tion from the United States to Carson.   A deed for the same
from Carson and wife to Schaffer.   A deed for the same from
Schaffer and wife to the plaintiff.   This deed was acknowl-
edged before an alderman of the city of Philadelphia, on the
10th of October, 1840.   It was accompanied by proof of his
official character.   The deed was again acknowledged before
an alderman of the same city, on the 27th of June, 1853.   The
prothonotary of the supreme court of Pennsylvania certified
under the seal of the court, in reference to this acknowledgment,
that the deed was executed and acknowledged in conformity
with the laws of that State.   The defendant objected to the in-
troduction of this deed.

The defendant proved that a judgment was entered against
the land, at the June term, 1850, of the county court, for the
taxes for the year 1849; that the same was purchased by him
at the sale under the judgment, on the 10th of June, 1850; and
conveyed to him by the sheriff, on the 16th of March, 1853.   The
deed contained a reference to an affidavit of the defendant,
made on the same day.

The plaintiff then offered the affidavit in evidence.   It set
forth the purchase of the land by the defendant, and proceeded
to state "that said land was listed in the name of Mary Hahn,
and that she was and is a non-resident; that affiant caused a
notice of said sale, and of the time when the redemption ex-
pired, to wit, the 10th of June, 1852, to be published in a news-
paper called the Greene County Banner, no newspaper being
published in this county, and which was the nearest newspaper
in this State to this county, to wit, being in Carrollton; that no
person, as affiant was then informed and believed, was in pos-
session of said premises three months before said 10th of June,
1852; in said notice, published as aforesaid, it was stated that
said land was purchased by him, on the 10th day of June, 1850;
that the same was described as the east half of section No. 31,
T. 11, N. R. 7 W., and that the time of redemption would ex-
pire June 10, 1852; that said notice was published three times
successively, the last insertion being three months before said
time of redemption expired, to wit, on the 27th of December,
1851."

The plaintiff then proved that during the entire month of December, 1851, newspapers were regularly published in each of the towns of Hillsboro, Jerseyville, Edwardsville, and Alton; and that each of those towns was nearer to the line of Macoupin county, than the town of Carrollton in which the Greene County Banner was published, the difference in favor of Alton being nearly seven miles.

On this evidence, the court rendered judgment for the plaintiff; and the defendant prosecuted an appeal.

1. It will not be necessary to pass upon the validity of the first acknowledgment of the deed from Schaffer and wife to the plaintiff. There is no good objection to the second acknowledgment. The statute declares that deeds may be " executed and acknowledged or proved without this State and within the United States or their territories, or the District of Columbia, in conformity with the laws of such State, territory, or district: *Provided,* that any clerk of a court of record within such State, territory, or district, shall, under his hand and the seal of such court, certify that such deed or instrument is executed and acknowledged or proved in conformity with the laws of such State, territory, or district." R. S. ch. 24, § 16. This provision was literally complied with in reference to the second acknowledgment of the deed. The officer taking the acknowledgment made a full certificate of the facts on the deed; and the clerk of the highest court in Pennsylvania then certified under his official seal, that the deed was executed and acknowledged in conformity to the laws of that State.

2. Objection is made to the tax title, because the notice to the owner was not published in the nearest newspaper to the county. The constitution declares that " Hereafter no purchaser of any land or town lot, at any sale of land or town lots for taxes due either to this State or any county, or incorporated town or city within the same, or at any sale for taxes or levies authorized by the laws of this State, shall be entitled to a deed for the lands or town lots so purchased until he or she shall have complied with the following conditions, to wit: Such purchasers shall serve, or cause to be served, a written notice of such purchase on every person in possession of such land or town lot, three months before the expiration of the time of redemption on such sale ; in which notice he shall state when he purchased the land or town lot, the description of the land or town lot he has purchased, and when the time of redemption will expire. In like manner he shall serve on the person or persons in whose name or names such land or lot is taxed, a similar written notice, if such person or persons shall reside in the

county where such land or lot shall be situated; and in the event that the person or persons in whose name or names the land or lot is taxed do not reside in the county, such purchaser shall publish such notice in some newspaper printed in such county; and if no newspaper is printed in the county, then in the nearest newspaper that is published in this State to the county in which such land or lot is situated; which notice shall be inserted three times, the last time not less than three months before the time of redemption shall expire. Every such purchaser, by himself or agent, shall, before he shall be entitled to a deed, make an affidavit of his having complied with the conditions of this section, stating particularly the facts relied on as such compliance; which affidavit shall be delivered to the person authorized by law to execute such tax deed, and which shall by him be filed with the officer having custody of the records of lands and lots sold for taxes and entries of redemption in the county where such land or lot shall lie, to be by such officer entered on the records of his office, and carefully preserved among the files of his office; and which record or affidavit shall be *primâ facie* evidence that such notice has been given."

These constitutional provisions are clearly designed for the benefit of the owner of real estate. The principle is, that he shall not be divested of his title by a sale for taxes, unless he has, when practicable, personal notice of the sale, and of the time when his right to redeem will expire. To secure this object, the purchaser is required to serve a written notice of those facts on every person in possession of the land, and on the party in whose name it was listed for taxation, at least three months before the time of redemption will expire. If the latter is not a resident of the county, a similar notice must be published in a newspaper of the county; and if there is no newspaper within the county, the notice must be published in the nearest newspaper to the county. These requirements being intended for the protection of the owner, must be strictly complied with in order to divest him of title. They are imperative, and cannot be disregarded. The purchaser is not entitled to a deed until these precedent conditions are strictly performed; and if he succeeds in obtaining a deed without such performance, the title of the owner will not thereby be defeated. In this case, the plaintiff in whose name the land was assessed, did not reside in the county, and no newspaper was published therein. It was therefore incumbent on the defendant to give notice in the " nearest newspaper published in this State to the county." The question is, has he complied with this requisi-

tion ? It is clear that the answer must be in the negative. The notice is to be published in the nearest newspaper to the county. That is a matter-of-fact, which is easily ascertained. A newspaper of an adjoining county may not be the nearest newspaper to the county in which the land is situated. And the newspapers of the adjoining counties may not be equally near to the county where the land lies. The question which is the nearest newspaper to the county, must necessarily be determined by comparing the distances between the places of publication and the county line. That is the only way of ascertaining the paper in which to give the notice. In this case, there were four newspapers published nearer to the county than the one in which the notice was inserted. The notice should have appeared in the Alton paper, its office of publication being several miles nearer to the county than that of the Carrollton papers. The fact that the latter paper had a respectable circulation in the county, has nothing to do with the question. The owner has the right to insist upon a strict execution of this requirement of the constitution. He is not to be deprived of his estate, except in the mode prescribed. The affidavit of the defendant was only *primâ facie* evidence that the notice was published in the nearest newspaper. It was competent for the plaintiff to prove that the fact was otherwise. And when that was done, the sheriff's deed necessarily fell for the want of a foundation upon which to stand.

The judgment is affirmed.

*Judgment affirmed.*